# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0138V

|  |  |
|---|---|
| THOMAS FIUMARA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 1, 2023, Thomas Fiumara filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as the result of an influenza vaccine administered to him on November 4, 2020. Petition at 1. On October 30, 2024, I issued a decision awarding damages following briefing by the parties. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,580.89 (representing $44,990.10 for fees $5,590.79 for costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs, filed Apr. 24, 2025, ECF No. 44. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on May 6, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. On May 7, 2025, Petitioner filed a reply, criticizing Respondent's hourly rate discussion and reiterating her previous fees request. ECF No. 46.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Most hourly rates requested by attorneys working on this case and their supporting paralegals, are reasonable and consistent with our prior determinations and will therefore be adopted. However, the proposed rates of $475.00 for 2024 time billed by Elizabeth Vitt; and $550.00 for 2025 time billed by Ms. Durant require further evaluation and adjustment.

Attorney Leah Durant was previously awarded the *lesser* rates of $530.00 for work performed in 2025. *See Jackman* v. *Sec'y of Health & Hum. Servs.,* No. 23-1749 (June 24, 2025).[3] I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, I hereby reduce Ms. Durant's rate for work performed in 2025 to be consistent with the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $<u>70.00</u>**.[4]

Pursuant to information provided in another vaccine case,[5] involving a Fees Decisions which has yet to be posted,[6] Attorney Elizabeth Vitt has been a licensed attorney since 2006, placing her in the range of attorneys with 11-19 years' experience

---

[3] This decision can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 29, 2025).

[4] This amount is calculated as follows: ($550.00 - $530.00 x 3.50 hrs.) = $70.00. ECF No. 44-1 at 13 (entry dated 3/26/25).

[5] In addition to a failure to provide the information needed to establish hourly rates, such as Ms. Vitt's bar date and relevant experience, the billing records for the Durant firm reference the initials only for multiple attorneys and paralegals who worked on the case. The motion contains no summary list of the full names of these individuals, which most other law firms provide. The Durant firm should include this information in all future motions, as well as more detailed information related to the experience level of any attorney or paralegal, new to the firm, who worked on the case involved.

[6] Because this Fee Decision has not yet been posted to the Court's website, *and* the time allowed for any redaction request has not yet expired, I will not further identify this case by case name or number.

based on the OSM Fee Schedule for 2024.[7] Although her proposed rate of $475.00 fall within the relevant experience levels for similarly-situated attorneys, I find her specifically-requested rate to be excessive based on her lack of experience representing petitioners in the Vaccine Program. *See McCulloch v. Health & Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

In the earlier referenced Fees Decision - not yet available to the public, I have reduced Ms. Vitt's 2024 hourly rate to $430.00. As I stated in that decision, it is therefore improper for Ms. Vitt to receive an hourly rate on the higher end of the experience range, when those rates are reserved for attorneys who also have lengthy experience representing Petitioners in the Program. Thus, based on the factors relevant to determining proper hourly rates for Program attorneys, **a rate of $430.00 is more appropriate for Ms. Vitt's time in 2024. Application of the foregoing reduces the fees to be awarded by $292.50**.[8]

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Mar. 18, 2024, ECF No. 29 (noting an impasse in damages discussions); Petitioner's Brief on Damages, filed May 28, 2024, ECF No. 33; Petitioner's Reply to Respondent's Brief on Damages, filed Aug. 26, 2024, ECF No. 36. Petitioner's counsel expended approximately 24.5 hours drafting the motion and 12.0 hours drafting the reply, totaling 36.5[9] hours.  ECF No. 44-1 at 10-11.

My above calculation does not include time spent finalizing a demand. ECF No. 44-1 at communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 44-1 at 11 (entry dated 5/29/24).

---

[7] The Attorneys' Fee Schedule is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[8] This amount is calculated as follows: ($475.00 - $430.00) x 6.5 hrs. = $292.50. ECF No. 44-1 at 11 (entry dated 8/23/24).

[9] These totals are calculated as follows: 19.0 hours billed on 5/20/24, 5/21/24, and 5/22/24, at a rate of $385 by Mateo Forero-Noreno; 11.0 hours billed on 5/28/24, 7/25/24, and 8/26/24, at a rate of $486 by Leah Durant; and 6.5 hours billed on 8/23/24 by Elizabeth Vitt, at a rate of $430 (reduced from the original amount sought - $485). ECF No. 44-1 at 10-11.

4

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, even considering the issue of lost wages since much of this time has been excluded from my calculations. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[10] in which attorneys have accomplished this task in less than half the time.[11]

Of course, having prevailed in this case, a fees award is generally appropriate. *Fiumara v. Sec'y of Health & Hum. Servs.,* No. 23-0138V, 2024 WL 4930694 (Fed. Cl.

---

[10] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[11] *See,* e.g., *Diaz v. Sec'y of Health & Hum. Servs.*, No. 22-1669V (June 18, 2025) (15.2 and 8.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Black v. Sec'y of Health & Hum. Servs.*, No. 21-2164V (June 16, 2025) (21.7 hours billed for drafting a damages brief); *Tennyson v. Sec'y of Health & Hum. Servs.*, No. 21-2084V (June 16, 2025) (8.9 and 7.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Kresl v. Sec'y of Health & Hum. Servs.*, No. 22-0518V (Dec. 31, 2024) (16.7 and 13.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Ruppert v. Sec'y of Health & Hum. Servs.*, No. 18-1621V (Dec. 30, 2024) (24.1 hours billed for drafting a damages brief); *Dylla v. Sec'y of Health & Hum. Servs.*, No. 21-2310V (Dec. 27, 2024) (13.8 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Walter v. Sec'y of Health & Hum. Servs.*, No. 21-1461V (Dec. 26, 2024) (13.3 and 12.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Longo v. Sec'y of Health & Hum. Servs.*, No. 21-0844V (Dec. 26, 2023) (18.8 and 6.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *O'Donnell v. Sec'y of Health & Hum. Servs.*, No. 21-1508V (Nov. 22, 2024) (15.9 and 6.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Feitel v. Sec'y of Health & Hum. Servs.*, No. 21-1370V May 6, 2024) (14.7 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hobbs v. Sec'y of Health & Hum. Servs.*, No. 21-1442V (Apr. 9, 2024) (18.0 and 4.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Poteet v. Sec'y of Health & Hum. Servs.*, No. 20-1295V (Apr. 1, 2024) (19.4 and 12.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Vallee v. Sec'y of Health & Hum. Servs.*, No. 20-1381V (Mar. 26, 2024) (7.1 and 4.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-0146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Aug. 4, 2025).

Spec. Mstr. Oct. 30, 2024) (also found at ECF No. 39). And the injury in this case (GBS), along with the parties' significantly differing valuations for pain and suffering ($250,000.00 vs. $131,500.00), supports the *need* for briefing in this case. *Id.* at *2. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 36.50 hours, or $15,456.00)** by *twenty percent.* Such an across-the-board reduction (which I am empowered to adopt)[12] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,091.20**[13]

### ATTORNEY AND COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 44-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 45.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$47,127.19 (representing $41,536.40 for fees $5,590.79 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[14]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[12] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[13] This amount is calculated as follows: (19.0 hrs. x $385 + 11.0 hrs. x $486 + 6.5 hrs. x $430) x .20 = $3,091.20.

[14] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.